**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

| | |
|---|---|
| JOHN STILES, | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No.: |
| | ) |
| BROWN UNIVERSITY, | ) |
| Defendant. | ) |
| | ) |

**MEMORANDUM IN SUPPORT OF**
**PLAINTIFF'S MOTION TO PROCEED UNDER PSEUDONYM**

Plaintiff John Stiles ("Plaintiff") seeks authorization to proceed in the above-captioned matter as a pseudonymous plaintiff.  In light of the sensitive and highly personal nature of the factual averments contained in the Complaint, Plaintiff is justifiably concerned that disclosure of his identity will unduly embarrass him and hamper his future educational and career aspirations. Thus, Plaintiff would be forced to endure further damages beyond those already inflicted by Brown and his accuser.  Plaintiff is prepared to provide a statement of his true identity under seal.

**STATEMENT OF FACTS**

During the events described in the Complaint, the Plaintiff was a student at Brown University. The Complaint seeks redress for Brown's breaches of contract in connection with John's removal from campus before resolution of a complaint alleging sexual misconduct. The Complaint, by necessity recounts in detail two sexual encounters between the Plaintiff and his accuser.

**ARGUMENT**

While parties to a lawsuit are usually required to proceed under their real names, *see, e.g., Fed. R. Civ. P. 10(a)*, federal courts have permitted parties to proceed anonymously when special circumstances arise.  *See generally, John Doe v. Blue Cross & Blue Shield*, 794 F. Supp. 72 (D.R.I. 1992).  "[T]he cases make clear the decision whether to allow a plaintiff to proceed anonymously

rests within the sound discretion of the court." *EW v. New York Blood Ctr.,* 213 F.R.D. 108, 110 (E.D.N.Y. 2003).

In exercising its discretion, courts "must balance the need for anonymity against the general presumption that parties' identities are public information and the risk of unfairness to the opposing party." *Does I thru XXIII v. Advanced Textile Corp.*, 214 F. 3d 1058, 1068 (9th Cir. 2000). Generally, courts allow the use of pseudonyms "[w]here it is necessary … to protect a person from harassment, injury, ridicule or personal embarrassment …." *United States v. Doe*, 655 F.2d 920, 922 (9th Cir. 1977), citing *United States. v. Doe*, 556 F.2d 391, 393 (6th Cir. 1977). "'Where the issues involved are matters of a sensitive and highly personal nature,' such as birth control, abortion, homosexuality or the welfare rights of illegitimate children or abandoned families, the normal practice of disclosing the parties' identities yields 'to a policy of protecting privacy in a very private matter.'" *Southern Methodist Univ. Ass'n of Women Law Students v. Wynne & Jaffe*, 99 F.2d 707, 712-713 (5th Cir. 1979), quoting *Doe v. Deschamps*, 64 F.R.D. 652, 653 (D. Mont. 1974).

In *New York Blood Ctr.,* the court explained, "in lawsuits centering around sexual activity and behavior, a plaintiff is entitled to proceed under a pseudonym where revealing the plaintiff's name subjects him or her to the risk of public disapproval, harassment, or bodily harm." *New York Blood Ctr.,* 213 F.R.D. at 111. For example, in *John Doe v. Blue Cross & Blue Shield*, Judge Pettine permitted a transsexual plaintiff to use a fictitious name. 794 F. Supp. at 72. In so doing, he stated that "[p]eople may have a right not to disclose their sexual histories and preferences, and a strong interest in nondisclosure." *Id.* at 73, quoting *Steinman, Public Trial, Pseudonymous Parties: When Should Litigants be Permitted to Keep Their Identities Confidential?,* 37 Hastings L.J. 1, 51 (1985).

In balancing the need for anonymity against the general presumption that parties' identities are public, courts often consider "whether the plaintiff is particularly vulnerable to the possible harms of disclosure, particularly in light of his age." *Doe v. City of Apple Valley*, No. 20-499, 2020 WL 1061442, at *1 (D. Minn. Mar. 5, 2020).  Because the Plaintiff is a relatively young college student who has yet to build a professional reputation that would help him withstand personal critiques and overcome the publicity of this ordeal, he is particularly exposed to the harmful effects disclosure may have on his reputation among his peers, professors, potential employers and in the community at large.  In *Doe ex rel. Doe v. Harris*, the court pointedly stated, "[i]n the end, the primary concern underlying the relevant factors is whether the plaintiff would suffer real and serious harm if she were not permitted to use a pseudonym."  No. 14-0802, 2014 WL 4207599, at *2 (W.D. La. Aug. 25, 2014), aff'd, 2015 WL 5664255 (W.D. La. Sept. 24, 2015).  Moreover, this Court has previously permitted plaintiffs in similar circumstances to proceed pseudonymously.  E.g., *Doe v. Johnson & Wales Univ.*, 425 F. Supp. 3d 108, 108 n.1 (D.R.I. 2019); *Doe v. Brown Univ.*, 505 F. Supp. 3d 65, 70 n.1 (D.R.I. 2020).

## CONCLUSION

In light of the nature of the disclosures in the Complaint, Plaintiff should be permitted to protect his identity and the identity of his accuser by proceeding pseudonymously.  The Plaintiff is prepared to address measures to protect the confidentiality of his identity should the Court require disclosure to the public at a later stage in the proceedings.

Dated:  December 17, 2021        The Plaintiff, John Stiles,
By his Attorneys,

/s/ J. Richard Ratcliffe
J. Richard Ratcliffe, #2603
Ratcliffe Harten Galamaga LLP
40 Westminster Street, Suite 700
Providence, RI 02903
Tel: (401) 331-3400
Fax: (401) 331-3440
rratcliffe@rhgllp.com

## CERTIFICATE OF SERVICE

I, J. Richard Ratcliffe, certify that on December 17, 2021, this document was electronically filed through the Court's CM/ECF system and is available for viewing and downloading to all registered counsel of record.

/s/ J. Richard Ratcliffe