UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | |
|---|---|
| JOHN STILES, <br><br>　　　　Plaintiff, <br><br>　　vs. <br><br>BROWN UNIVERSITY, <br><br>　　　　Defendant. | ) <br> ) <br> ) <br> ) Case No.: 21-cv-00497-MSM-LDA <br> ) <br> ) <br> ) <br> ) <br> ) |

**REPLY IN SUPPORT OF
PLAINTIFF'S MOTION TO PROCEED UNDER PSEUDONYM**

Brown University's objection to John Stiles' motion to proceed pseudonymously lacks merit because it identifies no personally identifiable information regarding Jane Roe in John's pleading and publicly discloses the existence of her district court action, which means John's motion is now the only way to guard Ms. Roe's anonymity. The following addresses these issues in detail and argues that Brown's desire to embarrass John undercuts its opposition.

1. Brown fails to identify the "personally identifiable information" included in John's complaint and a review of the federal rules and FERPA regulations undermines Brown's assertion that the complaint contained such information.

In his complaint, John identified only his accuser's class year, state of residence, sport, and military affiliation. None of this is sensitive, personally identifiable information. Rule 5.2 of the federal rules of civil procedure entitled "Privacy Protection" has no application to this level of detail. See *Fed. R. Civ. P.* 5.2 (requiring redaction of social security numbers, dates of birth, names of minors, and financial account numbers). The Family Educational Rights and Privacy Act ("FERPA") regulations are more demanding, but they also do not afford the level of privacy that Brown suggests. FERPA regulations state that "personally identifiable information" includes, but is not limited to -

　　(a) The student's name;
　　(b) The name of the student's parent or other family members;

    (c) The address of the student or student's family;

    (d) A personal identifier, such as the student's social security number, student number, or biometric record;

    (e) Other indirect identifiers, such as the student's date of birth, place of birth, and mother's maiden name;

    (f) Other information that, alone or in combination, is linked or linkable to a specific student that would allow a reasonable person in the school community, who does not have personal knowledge of the relevant circumstances, to identify the student with reasonable certainty; or

    (g) Information requested by a person who the educational agency or institution reasonably believes knows the identity of the student to whom the education record relates.

34 CFR § 99.3.  John did not identify Ms. Roe's name or the names of her family members, her social security number, student number or biometric record, date of birth, place of birth (other than the state), or mother's maiden name.  All he disclosed was her class year, state of residence, sport, and military affiliation.  No reasonable person in the school community without "personal knowledge of the relevant circumstances" would be able to use such information to identify Ms. Roe with "reasonable certainty."  Consequently, the details John provided do not amount to personally identifiable information.

    2. <u>John has moved to seal his complaint despite Brown's failure to specify the personally identifiable information at issue.</u>

Despite the vague nature of the information concerning Ms. Roe in John's complaint, John moved to seal the complaint and substitute in its place a redacted version to afford Ms. Roe additional protection.  See *ECF* #12.  This motion was granted by the Court on December 29, 2021.  Thus, not even those with "personal knowledge of the relevant circumstances" will have the ability to identify Ms. Roe's true identity with "reasonable certainty."  John's actions in regard to his pleadings, therefore, are far from retaliatory.

3. <u>John's motion to procced pseudonymously is the only way to guard Ms. Roe's anonymity because Brown has now publicly disclosed Ms. Roe's district court action against John.</u>

If John's true name is disclosed, Ms. Roe's anonymity will be easily discoverable because Brown has revealed that she named John as a defendant in a district court action for a restraining order. Specifically, Brown states, "In the Rhode Island District Court (Sixth Division), the complaining student filed a Domestic Abuse Complaint against Plaintiff and sought a restraining order against him because she fears for her safety." See *ECF* #6-1, pp. 1-2.[1] Consequently, if John's true name is revealed, this information is more than sufficient to determine Ms. Roe's identity.

Brown's point, apparently, was that John should have sought to seal Ms. Roe's complaint in the district court. However, the district court does not permit public access to complaints seeking a restraining order such as that filed by Ms. Roe. Access to the case through the court portal is limited to the parties and their attorneys. Regardless, Ms. Roe's complaint contained nothing near the amount of detail contained in John's complaint, and as a civil action for protective order between two private individuals, it was bound to garner little attention. The civil action against Brown University is a different story. And, to the extent that Brown is concerned about Ms. Roe's anonymity, it is Brown's own unguarded action in linking this case to the district court matter that most directly compromises her privacy. Due to that action, allowing John to proceed pseudonymously is now necessary to the preservation of Mr. Roe's anonymity.

---

[1] Brown also filed an unredacted copy of the district court pleadings as Exhibit A to its objection along with a motion to seal the exhibit.

4. <u>Brown stands to gain nothing through objecting to John's motion and appears motivated by nothing more than a desire to cause him embarrassment.</u>

Among the factors Brown has urged the Court to consider is "whether the opposition to pseudonym by counsel, the public, or the press is illegitimately motivated." However, it has not identified any interest it has at stake in opposing John's motion or a single disadvantage it will suffer if the motion is granted. Moreover, the relevance of Ms. Roe's district court pleadings to the present motion is tenuous. They have no bearing on any factor Brown has urged the Court to consider. Yet, Brown described and attached them to its objection – failing to recognize that in so doing it was making it substantially easier for third-parties to identify Ms. Roe. Protecting Ms. Roe's anonymity, therefore, seems to have taken a backseat to Brown's desire to compel John to bear the burden of Ms. Roe's allegations publicly – even if it has yet to determine whether they have merit. This effort to cause John embarrassment is not a legitimate motive and undermines Brown's objection.

## CONCLUSION

For the reasons stated herein, Plaintiff John Stiles asks that the Court grant his motion to proceed pseudonymously for the protection of his and Jane Roe's privacy.

Dated: January 7, 2022

The Plaintiff, John Stiles,
By his Attorneys,

/s/ J. Richard Ratcliffe
J. Richard Ratcliffe, #2603
Ratcliffe Harten Galamaga LLP
40 Westminster Street, Suite 700
Providence, RI 02903
Tel: (401) 331-3400
Fax: (401) 331-3440
rratcliffe@rhgllp.com

## CERTIFICATE OF SERVICE

  I, J. Richard Ratcliffe, certify that on <u>January 7, 2022</u>, this document was electronically filed through the Court's CM/ECF system and is available for viewing and downloading to all registered counsel of record.

                    <u>/s/ J. Richard Ratcliffe  </u>